# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Brunswick Division

In the matter of: )
)                                   Adversary Proceeding
HELEN RUTH SANDERS )
(Chapter 7 Case Number 03-22259) )                          Number 04-2064
)
*Debtor* )
)
)                                    **F I L E D**
)                              at __9__ O'clock & _06_ min _A_ M
)                              Date __7/14/04__
)
GREG AND RENE CLARK, AS )
GUARDIAN OF PERSON AND )                    MICHAEL F. McHUGH, CLERK
PROPERTY OF WILLIE BROOKS, JR., )              United States Bankruptcy Court
AN INCAPACITATED ADULT )                        Savannah, Georgia  *MH*
)
*Plaintiffs* )
)
)
v. )
)
HELEN RUTH SANDERS, )
)
*Defendant* )

## MEMORANDUM AND ORDER
## ON MOTION FOR SUMMARY JUDGMENT

Helen Ruth Sanders ("Debtor") filed for relief under Chapter 7 of the

Bankruptcy Code on December 23, 2003. Greg and Rene Clark ("Plaintiffs") filed an

adversary complaint objecting to the discharge of certain debt on March 15, 2004. On May

13, 2004, a hearing was held and Plaintiffs filed a motion for summary judgment on which

this Court now rules. This matter is a core proceeding within the jurisdiction of this Court

AO 72A
(Rev. 8/82)

under 28 U.S.C. § 157(b)(2)(I).

## DISCUSSION

The facts of this case are not in dispute. Debtor served as guardian of the person and property of Willie Brooks, Jr. ("Brooks"), an incapacitated adult, from December 14, 2000, to July 29, 2003. On July 29, 2003, Plaintiffs were named successor guardians of the person and property of Brooks. On October 3, 2003, Plaintiffs filed an Application for Settlement of Accounts in the Probate Court of Glynn County, Georgia. A hearing on Plaintiff's application was held on or about November 13, 2003, and attended by Debtor. After giving Debtor additional time to present evidence in her defense, the Probate Court entered an Order for Return of Ward's Property and Payment of Moneys Due on December 9, 2003. In the order, the Probate Court entered the following Findings of Fact:

> From December 14, 2000 to July 29, 2003, the duration of [Debtor's] term as guardian, Willie Brooks, Jr. received $2,166.67 per month in social security and veteran benefits for a total of $67,160.10. During the same period, the total justified expenditures under O.C.G.A. § 29-2-2 of which an affirmative showing has been made by [Debtor] was $13,421.69...As to the remaining income received by Willie Books, Jr. during [Debtor's] tenure as guardian, no evidence was presented that said income was used for the support of Willie Brooks, Jr., or his legal dependants. Additionally evidence was presented that Willie Brooks, Jr., is the legal owner of the 1998 Buick LeSabre which has not been delivered to his successor guardians.
>
> In re Brooks, Estate No. 11680, slip op. at 2 (Prob. Ct. Glynn County Ga. Dec. 9, 2003)

In addition, the Probate Court entered the following Conclusions of Law:

> [Debtor] has failed to present evidence that the remaining
> $53,738.41 in income received by Willie Brooks, Jr., during her
> tenure as guardian was expended in support of Willie Brooks, Jr.,
> his dependants or for other purposes allowed under the Georgia
> Guardianship Code . . . . As a result, it appears that [Debtor] is in
> possession of and has failed to deliver to the successor guardians
> of Willie Brooks, Jr., a 1998 Buick LeSabre that is the property
> of Willie Brooks, Jr., and has either wasted or failed to deliver
> $53,738.41 in funds belonging to Willie Brooks, Jr.

Id.

In Plaintiffs' Motion for Summary Judgment they argue that the judgment awarded against Debtor in Glynn County is nondischargeable pursuant to 11 U.S.C. § 523(a)(4) as Debtor was found guilty of defalcation while acting in a fiduciary capacity. Further, Plaintiffs argue that Debtor is collaterally estopped from denying such defalcation because it was established by the Glynn County judgment.

Debtor argues that she is not collaterally estopped in that the issue of defalcation was not actually litigated in the Probate Court in Glynn County. Debtor argues that the Probate Court did not find defalcation. Instead, it only found that she "didn't present evidence at the hearing of all reasonable, justifiable and authorized expenditures." Def.'s Brief, at 4 (May 26, 2004). Also important to Debtor was the fact that she was without

AO 72A
(Rev. 8/82)

counsel at the relevant hearing and did not have the expert knowledge of how to defend Plaintiff's Application for Settlement of Accounts. She argues that had she "understood exactly what she was supposed to do, she would have presented evidence to prove that all expenses were authorized" and that she "did not have a 'full and fair opportunity' to be heard[.]" Id. at 2.

## CONCLUSION

### *Summary Judgment Standard*

Federal Rule of Civil Procedure 56, made applicable to bankruptcy practice pursuant to Federal Rule of Bankruptcy Procedure 7056, governs a summary judgment motion. Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties indicate that there is no genuine issue of material fact and show that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In analyzing a motion for summary judgment, the Court must view all the evidence and factual inferences drawn therefrom in a light most favorable to the nonmoving party. *See* Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing no such issues exists. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). However, Rule 56(e) provides that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but

the adverse party's response, by affidavits or as otherwise
provided in this rule, must set forth specific facts showing that
there is a genuine issue for trial. If the adverse party does not so
respond, summary judgment, if appropriate, shall be entered
against the adverse party.

Thus, once the moving party has met its burden, the burden shifts to the nonmoving party to

come forward with specific facts showing that there is a genuine issue for trial. *See* Allen

121 F.3d at 646.

### *Collateral Estoppel*

Plaintiffs have argued that adjudication by the Probate Court that Debtor

mismanaged and failed to properly account for funds held as a fiduciary is precluded from

review by this Court based on the concept of collateral estoppel. It is well-established that

collateral estoppel is applicable in a dischargeability exception proceeding in bankruptcy

court. *See* Grogan v. Garner, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 658, 112 L.Ed.2d 755

(1991); HSSM #7 Ltd. P'ship v. Bilzerian (In re Bilzerian), 100 F.3d 886, 892 (11th

Cir.1996). Further, the party using offensive collateral estoppel bears the burden of proving

that the elements of issue preclusion have been met. *See* Foran v. Lutz (In re Lutz), 169

B.R. 473, 477 (Bankr. S.D. Ga. 1994) (Davis, J). Finally, it is necessary to look to Georgia

law in order to determine whether collateral estoppel applies in this instance. *See* 28 U.S.C.

§ 1738 ("judicial proceedings...shall have the same full faith and credit in every court within

the United States ... as they have by law or usage in the courts of such State ... from which

AO 72A
(Rev. 8/82)

they are taken."). *See also* <u>Bush v. Balfour Beatty Bahamas, Ltd.</u> (In re Bush), 62 F.3d 1319, 1323 n. 6 (11th Cir. 1995) (applying federal law to determine whether federal court default judgment had collateral estoppel effect and noting that if prior judgment was rendered in a state court then the law of the state must be applied); <u>Branton v. Hooks</u> (In re Hooks), 238 B.R. 880, 884 (Bankr. S.D. Ga.1999) (Dalis, J.) (applying Georgia state law to determine preclusive effect of previous state court judgment).

Under Georgia law, "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." O.C.G.A. § 9-12-40. Other courts have drawn the following four factors that are necessary elements to establish a claim for collateral estoppel from various Georgia court decisions:

1) There must be an identity of issues between the first and second actions;

2) The duplicated issue must have been actually and necessarily litigated in the prior court proceeding;

3) Determination of the issue must have been essential to the prior judgment; and

4) The party to be estopped must have had a full and fair opportunity to litigate the issue in the course of the earlier proceeding.

Sterling Factors, Inc. v. Whelan, 245 B.R. 698, 704
(N.D.Ga.2000)(citing In re Graham, 191 B.R. 489, 495
(Bankr.N.D.Ga.1996) and In re Gunnin, 227 B.R. 332, 336
(Bankr.N.D.Ga.1998)).

Here, Debtor argues, in essence, that the second and fourth factors have not been met. That

is, Debtor first contends that the issue of defalcation was not "actually litigated" because

Glynn County did not find that she was guilty of defalcation. Instead, it only held that she

did not produce evidence that authorized all of the relevant expenditures. Debtor next

contends that she did not have a "full and fair opportunity to litigate" as she  was not

represented by counsel. For that reason, she failed to produce the proper evidence that would

have exonerated her.

Debtor argues that the Probate Court did not actually litigate the issue of

defalcation. Presumably, Debtor would have this Court believe that the Probate Court Order

is somehow not final and all that is required to set it aside or have it altered is to present more

evidence to justify her expenditures. However, the Probate Court specifically concluded that

Debtor, "has either wasted or failed to deliver $53,738.41 in funds belonging to Willie

Brooks, Jr." Brooks at 2. This finding of the Probate Court is not subject to review by this

Court.

11 U.S.C. § 523(a)(4) excepts from discharge a debt "for fraud or defalcation

while acting in a fiduciary capacity." In finding that Debtor "wasted or failed to deliver $53,738.41," the Probate Court actually litigated the issue of defalcation for purposes of § 523(a)(4). Defalcation has been defined as the "misappropriation of trust funds or money held in any fiduciary capacity." Black's Law Dictionary 375 (5th Ed. 1979). In addition, the Eleventh Circuit has noted that, "while a purely innocent mistake by the fiduciary may be dischargeable, a 'defalcation' for purposes of this statute does not have to rise to the level of 'fraud,' 'embezzlement,' or even 'misappropriation.'" Quaif v. Johnson, 4 F.3d 950, 955 (11th Cir.1993) (citing Central Hanover Bank & Trust Co. v. Herbst, 93 F.2d 510, 512 (2d Cir.1937) (Learned Hand, J.)). Finally, I applied collateral estoppel and found a Debtor guilty of defalcation for purposes of § 523(a)(4) where the Order of the Probate Court stated that the debtor "committed waste and mismanaged the funds of her Ward" and "'failed to account' for those funds." Scott v. Scott (In re Scott), Nos. 98-4260, 98-42919, 1999 WL 33581945, at *1 (March 18, 1999). Based on the foregoing and the Probate Court's conclusion that Debtor "wasted or failed to deliver $53,738.41," I hold that the Probate Court found a defalcation occurred such that the debt in question should be excepted from discharge pursuant to § 523(a)(4).

This court is unaware of any Georgia law that speaks directly to whether a defendant is considered to have received a full and fair opportunity to litigate when they were unrepresented in a prior action. However, the following language from an early Georgia case is instructive:

> [W]hen the law of the land affords to a litigant an
> opportunity to be heard, and he fails to avail himself of that
> opportunity, he is bound by the judgment of a court which
> has jurisdiction of the subject-matter and the person,
> notwithstanding the fact that, if objection had been made in
> due time and in the proper manner, no such judgment
> would have been rendered.

Kelly v. Strouse, 116 Ga. 872, 43 S.E. 280, 288 (1903)

Other courts have rejected the argument that the choice or failure of a debtor to obtain legal counsel during a prior adjudication prohibits application of collateral estoppel to the issues resolved therein. *See* Nelson v. Tsamasfyros (In re Tsamasfyros), 940 F.2d 605, 607 (10th Cir.1991) ("We reject any suggestion that because [debtor] appeared pro se in the state court proceeding, collateral estoppel is inapposite."). Here, Debtor had both the incentive to pursue the issue and the opportunity to be heard in the prior Probate Court proceeding. In fact, Debtor tendered evidence validating $13,421.69 of the $67,160.10 expended. Thus, I hold that the fact that Debtor was unrepresented in the prior Probate Court action has no effect on its binding nature in the current adversary proceeding.

## Conclusion

Debtor contends that she can prove that all of the expenditures of Brook's funds were authorized. However, the principle of collateral estoppel and the requirement that this Court give full faith and credit to the findings of the Glynn County Probate Court preclude this Court from the hearing such evidence. As a general rule, if a debtor is

AO 72A
(Rev. 8/82)

unsatisfied with a judgment which might bind the debtor in later proceedings, the remedy is

an action seeking relief from that judgment, not relitigation of the matter in another court.

Thus, if Debtor truly believes that the judgment should be eliminated or reduced, Glynn

County is the proper forum, not this bankruptcy court. Because no genuine issue of material

fact remains, it is appropriate to grant Plaintiffs' motion for summary judgment.


O R D E R

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that Greg

and Rene Clark's Motion for Summary Judgment is GRANTED. The damages awarded by

the Probate Court of Glynn County against Helen R. Sanders are excepted from discharge.


Lamar W. Davis, Jr.
United States Bankruptcy Judge


Dated at Savannah, Georgia

This ____ day of July, 2004.


C:   Debtor
     Debtor Atty
     Plaintiff Clark
     Pltf Atty Roberts
     Defendant Sanders
     Deft Atty Baer
     Trustee Souther
     U. S. Trustee Jarks

AO 72A
(Rev. 8/82)